Case 1:16-cv-00024 Document 7 Filed in TXSD on 04/29/16 Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
April 29, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. B-16-24 |
| | § | |
| ERIC GILLEN, | § | |
|     Defendant. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pending before the Magistrate Judge is a motion for summary judgment filed by the United States. Dkt. No. 6. Defendant Eric Gillen ("Gillen") has not filed a response. After reviewing the record and the relevant case law, the Court **RECOMMENDS** that the motion for summary judgment be **GRANTED**.

**I.      Background**

On December 16, 1988, Gillen executed a promissory note to secure a student loan "guaranteed by the Texas Guaranteed Student Loan Corporation and then reinsured by the [U.S.] Department of Education." (hereafter "Loan 818"). Dkt. No. 6-2, pp. 5-6. Loan 818 was in the amount of $4,000. Id.

On September 1, 1989, Gillen executed a another promissory note to secure another student loan, similarly guaranteed and reinsured, for the amount of $2,625. Dkt. No. 6-2, pp. 1-2. On March 26, 1990, Gillen executed yet another promissory note for a student loan, similarly guaranteed and reinsured, for the amount of $1,300. Dkt. No. 6-2, pp. 3-4. These two loans totaling $3,925 were combined into a single account (hereafter "Loan 798").

On January 24, 1999, Gillen defaulted on Loan 818, after paying no money towards that loan. Dkt. No. 6-1, p. 2. Since that date, $5,435.49 has since been credited to the loan "in payments from all sources including Treasury Department offsets." Dkt. No. 6-1, p. 2.

On March 30, 1999, Gillen defaulted on Loan 798, after paying no money towards that loan. Dkt. No. 6-1, p. 1. Since that date, $4,134.71 has been credited to the account. Id, p. 1.

As of July 25, 2014 – based on compounding accrued interest and the application of the amounts previously credited – Gillen owes $8,053.61 in principal and $960.27 in interest on Loan 818, for a total indebtedness of $9,013.88. Dkt. No. 6-1, p. 2.  As of that same date, Gillen owes $6,307.14 in principal and $593.67 in interest on Loan 798. Id, p. 1. Thus, Gillen has a total indebtedness of $6,900.81, as to loan 798.  Id.

Combining the amounts owed on the two loans results in a total principal amount of $15,914.69 owed by Gillen to the United States.  Added to this amount, the Government seeks pre- and post-judgment interest, attorney's fees and administrative fees. Dkt. No. 1. On January 26, 2016, the United States filed a complaint seeking payment of the all of these amounts.

On March 21, 2016, Gillen filed an answer to the complaint. Dkt. No. 4.  Gillen's response to the complaint was to write upon the papers that he was served: "I do not accept the offer to contract and I do not consent to these proceedings." Dkt. No. 4, p. 2.  He signed his name and added "without prejudice UCC 1-308." Id.[1]

On March 24, 2016, the United States filed a motion for summary judgment. Dkt. No. 6.  The United States seeks a judgment which includes repayment of the student loan, pre- and post-judgment interest, attorney's fees, administrative charges, and a service fee.

Gillen did not file a response.

## II. Applicable Law

### A. Summary Judgment

Under Rule 56, summary judgment is appropriate when the moving party has established that the pleadings, depositions, answers to interrogatories, admissions, and affidavits – if any – demonstrate that there is no genuine issue as to any material fact and

---

[1] That particular portion of the Uniform Commercial Code was "intended to enable a party in a commercial transaction to accept the other side's continued performance without waiving the right to sue for breach of contract." Thompson v. Houlihan, No. 09-C-2914, 2011 WL 833604, at *4 (N.D. Ill. Mar. 4, 2011) (unpubl.).  That provision has no relevance to this case.

2

that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A material fact is one that might influence the outcome of the suit. Bazan v. Hidalgo Cnty., 246 F.3d 481, 489 (5th Cir. 2001). A genuine issue is "real and substantial, as opposed to merely formal, pretended, or a sham." Id. Accordingly, a "genuine issue of material fact exists where evidence is such that a reasonable jury could return a verdict for the non-movant." Piazza's Seafood World, L.L.C. v. Odom, 448 F.3d 744, 752 (5th Cir. 2006).

The Court must review all evidence in the light most favorable to the non-moving party. Piazza's Seafood World, 448 F.3d at 752. Factual controversies must be resolved in favor of the non-moving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Murungi v. Xavier Univ. of La., 313 Fed. App'x. 686, 688 (5th Cir. 2008) (unpubl.) (citing Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)). Thus, "in the absence of proof," the court cannot "assume that the nonmoving party could or would prove the necessary facts." Little, 37 F. 3d at 1075. Finally, "a court should not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment." Chacon v. Copeland, 577 Fed. App'x. 355, 360 (5th Cir. 2014) (unpubl.) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000)) (internal quotations omitted).

### B. Student Loan Recovery

To recover on a promissory note, the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default. United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001) (citing FDIC v. Selaiden Builders, Inc., 973 F.2d 1249, 1254 (5th Cir.1993)). As a prevailing party, the United States can recover costs and attorney's fees from the Defendant. 28 U.S.C. § 2412(a)(1) & (2)(b); United States v. Chapa, No. C-07-005, 2007 WL 4198387 (S.D. Tex. 2007).

### III. Analysis

Summary judgment is appropriate this case. The Government has met its burden to establish that there is no genuine dispute of material fact in this case. Moreover, the United

States has produced the facts necessary to entitle it to the relief it seeks.

The United States has established that Gillen signed the promissory notes for all of the loans; it has produced copies of his original signed loan applications, which establish the amounts that were loaned. Dkt. No. 6-2, pp. 1-6. Thus, the first element is met.

The United States has also established that it is the present owner of the note. It submitted an affidavit, signed under penalty of perjury, from a loan analyst, which showed that the United States paid on a default claim made by the Texas Guaranteed Student Loan Corporation. Dkt. No. 6-1, pp. 1-2. Pursuant to 34 C.F.R. § 682.410(b)(4), the United States became the owner of the note when it paid the default claim. These facts satisfy the second element.

As to the third element, the United States has established that the loan is in default. Indeed, the loans went into default in 1999 and Gillen has not removed them from that status. Dkt. No. 6-1, pp. 1-2.

Thus, the United States has submitted evidence establishing all three prongs entitling it to recovery of the student loan claim.

Gillen has stated that he does not "accept the offer to contract . . . do[es] not consent to these proceedings." Dkt. No. 5. It appears that Gillen is claiming to be part of the sovereign citizen movement, which "is a loose grouping of litigants, commentators, and tax protesters who often take the position that they are not subject to state or federal statutes and proceedings." U.S. v. Weast, 811 F.3d 743, 746 (5th Cir. 2016). Such a claim has "no conceivable validity in American law." U.S. v. Schneider, 910 F.2d 1569, 1570 (7th Cir. 1990). Furthermore, Gillen did accept the offer to contract when he agreed to repay the Government with interest when he signed his student loan applications. In fact, Gillen agreed to these terms not just once, but on at least three different occasions - each time he entered into a loan agreement with the United States and accepted the money. The Government is entitled to hold Gillen to his contractual commitments.

The United States is entitled to summary judgment for the amounts demanded in the

pleadings. Furthermore, the United States seeks $550 in attorney's fees in this action; the Court recommends that such fees are reasonable and appropriate.

**IV. Recommendation**

For the reasons discussed above, it is **RECOMMENDED** that the motion for summary judgment filed by the United States be granted. Dkt. No. 6. It is further recommended that the Court issue a judgment as follows against Eric Gillen:

Account: CDCS 2014A67798

| | |
|---|---|
| 1. Principal | $6307.14 |
| 2. Interest (as of July 25, 2014) | $593.67 |
| 3. Attorney's Fees | $550.00 |
| Total | $7450.81 |

Any interest accruing between July 26, 2015 and the date of the judgment at an interest rate of 3.28%, with a daily accrual rate of $0.57.

Account: CDCS 2014A67818

| | |
|---|---|
| 1. Principal | $8053.61 |
| 2. Interest (as of July 25, 2014) | $960.27 |
| 3. Process Server Fees | $75.00 |
| Total | $9088.88 |

Any interest accruing between July 26, 2015 and the date of the judgment at an interest rate of 3.35%, with a daily accrual rate of $0.74.

With post-judgment interest entered pursuant to 28 U.S.C. § 1961 and 40 U.S.C. § 258e(1).

**A. Notice to Parties**

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff.

Dec. 1, 2009).  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice.  See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on April 29, 2016.

_____
Ronald G. Morgan
United States Magistrate Judge